

# IN THE
# TENTH COURT OF APPEALS

### No. 10-12-00025-CR

**GLEN DAVIS,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 13th District Court
Navarro County, Texas
Trial Court No. 22622-CR**

**and**

### No. 10-13-00154-CR

### IN RE GLEN DAVIS

**Original Proceeding**

## MEMORANDUM OPINION

We affirmed Glen Davis's conviction on December 20, 2012, and the Court of

Criminal Appeals refused his petition for discretionary review on March 27, 2013. *See Davis*

*v. State*, No. 10-12-00025-CR, 2012 Tex. App. LEXIS 10578 (Tex. App.—Waco, Dec. 20, 2012, pet. ref'd) (not designated for publication). In an attempt to obtain a free copy of the complete reporter's record of his underlying criminal trial and conviction, Davis filed a motion with this Court on April 1, 2013. In that motion, he asked this Court "to order the District Court Clerk…to provide the defendant with a 'complete' copy of the court trial transcripts…." We denied the motion on April 18, 2013, and Davis filed a motion for rehearing on April 25, 2013. On reconsideration, we must first address the jurisdictional issues raised by Davis's request.

### CONSIDERED AS A MOTION

As a motion presented from the original appeal, our plenary power has long expired, and we have no jurisdiction to consider Davis's "Defendants Pro-Se Motion for a Court Ordered Copy of Trial Transcripts" requesting this Court to order the trial court clerk to provide Davis with a free copy of his trial "transcript." *See* TEX R. APP. P. 19.1. Likewise, we have no jurisdiction of Davis's motion for rehearing. *Id*.

Accordingly, our order issued on April 18, 2013 is withdrawn. And as a motion, Davis's "Defendants Pro-Se Motion for a Court Ordered Copy of Trial Transcripts" and his motion for rehearing would, therefore, have to be dismissed for want of jurisdiction.

### CONSIDERED AS A PETITION FOR WRIT OF MANDAMUS

However, after careful consideration of this acknowledgement of the procedural posture of this proceeding and the relief requested, we have determined that the motion is more appropriately characterized as a petition for writ of mandamus. We have jurisdiction

of a trial court clerk for purposes of issuing a writ of mandamus only when necessary to enforce our jurisdiction. TEX. GOV'T CODE ANN. § 22.221(a) (West 2004). In Davis's motion for rehearing, he expressly states, "Glen Davis will be filing an 11.07 WHC shortly with the C.O.C.A. in Austin and then his 22.54 in the Feral Courts. Both of which he needs his trial records to attempt to successfully defend himself pro-se." (Sic). By his express averments, Davis does not need the records sought to invoke this Court's jurisdiction. In fact, he has expressly stated that he needs these records for use in courts other than this one. Accordingly, ordering the clerk to provide the records sought is not for the purpose of protecting this Court's jurisdiction.

We do not have jurisdiction to compel the district court clerk to provide the records sought. Therefore, the petition for writ of mandamus is dismissed.[1]


TOM GRAY
Chief Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Order withdrawn
Petition dismissed
Opinion issued and filed May 9, 2013
OT06

---

[1] We direct the appellate court clerk to move Davis's original motion, motion for rehearing and all other letters, orders, and additions filed in *Davis v. State*, 10-12-00025-CR to a new mandamus proceeding styled *In re Davis*.